FILED

2016 OCT 19 PM 12:41

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

RICARDO LEBRON,

    Plaintiff,

v.

RAMCO PURVEYOR LLC d/b/a
MONROE'S ON THE LAKE HOTEL &
BANQUET HALL, and RAJENDRA
RAMKHELAWAN, individually,

    Defendants.

Case No.: 6:16cv1808-orl-41GJK

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, RICARDO LEBRON, by and through the undersigned attorney, sues the Defendants, RAMCO PURVEYOR LLC d/b/a MONROE'S ON THE LAKE HOTEL & BANQUET HALL, and RAJENDRA RAMKHELAWAN, individually, (collectively referred to as "Defendants"), and alleges as follows:

### INTRODUCTION

1. This is an action by the Plaintiff against his former employers for unpaid minimum wages and overtime wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 206 and 29 U.S.C. § 216(b) (the "FLSA"), and any other relief available.

2. This action is brought under the FLSA to recover from Defendants proper minimum wages, overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## PARTIES

3. During Plaintiff's employment with Defendants, he served under many capacities, i.e., maintenance, assistant cook, gardener, and housekeeper, and performed related activities at their place of business located at 530 North Palmetto Avenue, Sanford, Florida 32771.

4. Defendant, RAMCO PURVEYOR LLC (hereinafter "Ramco"), is a Florida Corporation which operates and conducts business in the City of Sanford, Seminole County, Florida, and is therefore within the jurisdiction of this Court.

5. Defendant, RAJENDRA RAMKHELAWAN (hereinafter "Ramkhelawan"), is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, Ramco, and resides in the State of Florida. This Court has personal jurisdiction over this Defendant because said Defendant is a resident of the State of Florida.

## JURISDICTION

6. This action arises under the FLSA, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. § 206 and 29 U.S.C. § 216(b).

## VENUE

7. The venue of this Court over this controversy is proper based upon the claim arising in the City of Sanford, Seminole County, Florida.

## FACTS

8. Defendants are organizations doing business known as MONROE'S ON THE LAKE HOTEL & BANQUET HALL, which is a hotel located in historic Sanford,

Florida and providing event services for weddings, corporate events, birthdays, and much more.

9. Defendant Ramkhelawan, is the corporate officer, owner and acting manager of corporate Defendant Ramco with the power to: (1) hire and fire Plaintiff; (2) supervise and control Plaintiff's work schedule or conditions of employment; (3) determine Plaintiff's rate and method of payment; and (4) maintain employment records.

10. Defendants employed Plaintiff at their business located at 530 North Palmetto Avenue, Sanford, Florida 32771, within the relevant time period.

11. Plaintiff worked for Defendants without being paid the correct minimum wages and overtime premium rate of time and one-half his regular rate of pay for all hours worked in excess of forty (40) hours within a work week.

12. Defendants, each controlled and/or were responsible for the work of Plaintiff.

13. Plaintiff worked as a "maintenance worker, assistant cook, gardener, and housekeeper" for Defendants and performed related activities in Seminole County, Florida.

14. In this capacity, Plaintiff was responsible for performing, including, but not limited to: (a) minor repairs, painting, and carpentry; (b) preparing food as directed by the cook; (c) general maintenance of the grounds, mulching, watering, and raking; and (d) vacuuming, cleaning floors, dusting, and surface cleaning.

15. Plaintiff worked for the Defendants from approximately 2013 - 2016.[1]

---

[1] All references to material times relevant to this action shall mean to encompass from 2013 through 2016.

3

16. Plaintiff was initially paid $5.00 per hour.

17. Plaintiff was not paid proper minimum wage for all hours worked.

18. Defendants violated the terms and the FLSA's provision on minimum wages.

19. Plaintiff also worked overtime hours on a weekly basis throughout his period of employment.

20. Despite working more than forty (40) hours per week, Plaintiff was not paid all compensation for hours worked over forty (40) hours within a work week during several weeks of employment.

21. In fact, Defendants switched Plaintiff to salary compensation for approximately one year in order for Defendants to avoid compensating Plaintiff for all hours worked over forty (40).

22. As a salaried employee, Plaintiff earned $350 per week.

23. Defendants were aware of the overtime hours worked.

24. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of the Defendants.

## COVERAGE

25. At all material times relevant to this action, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

26. At all material times relevant to this action, Defendants made gross earnings of at least $500,000 annually.

27. At all material times relevant to this action, Defendants accepted payments from customers based on credit cards issued by out-of-state banks, nationwide.

28. At all material times relevant to this action, Defendants routinely ordered materials, merchandise, products, and supplies from out-of-state vendors and/or entities (i.e., bath soaps, towels, bedding, linen cleaners, disinfectants, table linen, napkins, kitchen and serving utensils, tables, and chairs).

29. At all material times relevant to this action, Defendants had two (2) or more employees engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for commerce (i.e., bath soaps, towels, bedding, linen cleaners, disinfectants, table linen, napkins, kitchen and serving utensils, tables, and chairs).

30. At all material times relevant to this action, Plaintiff was individually engaged in interstate commerce during his employment with Defendants, by working with a wide array of daily-delivered products and goods.

## COUNT I
## VIOLATION OF THE FLSA AGAINST RAMCO PURVEYOR LLC d/b/a MONROE'S ON THE LAKE HOTEL & BANQUET HALL
### (Minimum Wage)

31. Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1 – 30 as if fully incorporated herein.

32. At all relevant times, Defendant Ramco, has been, and continues to be, an employer engaged in interstate commerce and/or for the production of goods for commerce, within the meaning of the FLSA.

33. Defendant, Ramco's, failure to pay Plaintiff the full minimum wage is a violation of 29 U.S.C. § 206.

34. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

**WHEREFORE**, Plaintiff demands judgment against RAMCO PURVEYOR LLC d/b/a MONROE'S ON THE LAKE HOTEL & BANQUET HALL, and RAJENDRA RAMKHELAWAN, individually, for the payment of all unpaid wages, overtime hours at time and one-half the regular rate of pay for the hours worked by Plaintiff for which Defendants did not properly compensate Plaintiff, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court determines to be just and appropriate.

## COUNT II
## VIOLATION OF THE FLSA AGAINST RAJENDRA RAMKHELAWAN,
(Minimum Wage)

35. Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1 – 30 as if fully incorporated herein.

36. At all relevant times, Defendant Ramkhelawan, is/was the acting manager for Monroe's on the Lake Hotel & Banquet Hall.

37. At all relevant times, Defendant Ramkhelawan, hired/fired employees for Monroe's on the Lake Hotel & Banquet Hall.

38. At all relevant times, Defendant Ramkhelawan, set the pay rates and policies for Monroe's on the Lake Hotel & Banquet Hall.

39. At all relevant times, Defendant Ramkhelawan, was in charge of the day to day operations of Monroe's on the Lake Hotel & Banquet Hall.

40. Defendant Ramkhelawan's failure to pay Plaintiff the full minimum wage is a violation of 29 U.S.C. § 206.

41. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

**WHEREFORE**, Plaintiff demands judgment against RAMCO PURVEYOR LLC d/b/a MONROE'S ON THE LAKE HOTEL & BANQUET HALL, and RAJENDRA RAMKHELAWAN, individually, for the payment of all unpaid wages, overtime hours at time and one-half the regular rate of pay for the hours worked by Plaintiff for which Defendants did not properly compensate Plaintiff, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court determines to be just and appropriate.

**COUNT III**
**RECOVERY OF OVERTIME COMPENSATION**
**AGAINST RAMCO PURVEYOR LLC d/b/a MONROE'S ON THE LAKE HOTEL & BANQUET HALL**

42. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 – 30 above.

43. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) hours per work week.

44. During Plaintiff's employment with Defendant Ramco, Plaintiff worked overtime hours but was not paid time and one-half his regular rate of pay for the same during several weeks.

7

45. As a result of Defendant Ramco's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) hours per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

46. Defendant Ramco neither maintained nor kept accurate time records as required by the FLSA for Plaintiff.

47. Also, Defendant Ramco failed to post required FLSA informational listings as required by law.

48. As a result of Defendant's Ramco willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against RAMCO PURVEYOR LLC d/b/a MONROE'S ON THE LAKE HOTEL & BANQUET HALL, and RAJENDRA RAMKHELAWAN, individually, for the payment of all unpaid wages, overtime hours at time and one-half the regular rate of pay for the hours worked by Plaintiff for which Defendants did not properly compensate Plaintiff, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court determines to be just and appropriate.

**COUNT IV**
**RECOVERY OF OVERTIME COMPENSATION**
**AGAINST RAJENDRA RAMKHELAWAN**

49. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 – 30 above.

50. Defendant Ramkhelawan is the Owner and President of RAMCO PURVEYOR LLC d/b/a MONROE'S ON THE LAKE HOTEL & BANQUET HALL.

51. Defendant Ramkhelawan is an Owner who acted with direct control over the work, pay, and job duties of Plaintiff.

52. Defendant Ramkhelawan had the power to hire and fire Plaintiff.

53. Defendant Ramkhelawan supervised and controlled Plaintiff's work schedule, job duties and responsibilities, and/or conditions of employment.

54. Defendant Ramkhelawan determined Plaintiff's rate and method of payment.

55. Defendant Ramkhelawan maintained employment records.

56. As such, Defendant Ramkhelawan is charged with the responsibility for violations of Plaintiff's rights to overtime and resulting damages.

**WHEREFORE**, Plaintiff demands judgment against RAMCO PURVEYOR LLC d/b/a MONROE'S ON THE LAKE HOTEL & BANQUET HALL, and RAJENDRA RAMKHELAWAN, individually, for the payment of all unpaid wages, overtime hours at time and one-half the regular rate of pay for the hours worked by Plaintiff for which Defendants did not properly compensate Plaintiff, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court determines to be just and appropriate.

## COUNT V
## RETALIATION

57. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 – 30 above.

58. On or about July 30, 2016, Plaintiff complained to Defendant, RAJENDRA RAMKHELAWAN, about receiving less than minimum wage compensation for several years and for not being compensated at time and one-half for all hours worked over forty (40) hours per work week for several work weeks.

59. Through information and belief, Defendant, RAJENDRA RAMKHELAWAN, made it unmistakably clear to Plaintiff he was irate Plaintiff was making a claim for unpaid minimum wages and unpaid overtime compensation.

60. Through information and belief, Defendant, RAJENDRA RAMKHELAWAN, informed Plaintiff he was immediately terminated.

61. The actions taken and behavior demonstrated by Defendant, RAJENDRA RAMKHELAWAN, are unequivocally textbook retaliation.

62. Defendants saw it fit to terminate Plaintiff's employment after exercising and pursuing his right to unpaid minimum wages and unpaid overtime compensation in direct violation of 29 U.S.C. §215(a)(3).

63. Defendants' retaliatory conduct toward Plaintiff and those similarly situated was willful as Defendants knew or should have known their actions were in violation of 29 U.S.C. §215(a)(3).

64. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been damaged.

65. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff demands judgment against RAMCO PURVEYOR LLC d/b/a MONROE'S ON THE LAKE HOTEL & BANQUET HALL, and RAJENDRA RAMKHELAWAN, individually, for violation of 29 U.S.C. §215(a)(3), as well as back pay, an equal amount in liquidated damages, front pay, compensatory damages, punitive damages, relief from judgment, reasonable costs and attorneys' fees and all other equitable relief this Court deems just.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this **19th** day of **October, 2016**.

Respectfully submitted,

/s/ Carlos V. Leach
**Carlos V. Leach, Esq.**
FL Bar No.: 0540021
**MORGAN & MORGAN, P.A.**
20 N. Orange Avenue
Wells Fargo Building, 14th Floor
Post Office Box 4979
Orlando, Florida 32802-4979
Main Tel.:    (407) 420-1414
Direct Fax:   (407) 245-3341
Email: CLeach@forthepeople.com
*Attorneys for Plaintiff*